## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LEE MATSON, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>-against-<br><br>RONALD B. RICH & ASSOCIATES, PLC,<br><br><br>Defendants. | Civil Case Number:<br><br>**<u>CIVIL ACTION</u>**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff LEE MATSON, (hereinafter, "Plaintiff"), a Michigan resident, brings this class action complaint by and through the undersigned attorneys against Defendant RONALD B. RICH & ASSOCIATES, PLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### <u>NATURE OF THE ACTION</u>

3. Plaintiff brings this class action on behalf of a class of Michigan consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

### PARTIES

6. Plaintiff is a natural person and a resident of the State of Michigan and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a law firm with its principal office located at 30665 Northwestern Highway, Suite 280, Farmington Hills, Michigan 48334.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

### ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to September 8, 2017, an obligation was allegedly incurred to FIRST NATIONAL BANK OF OMAHA.

15. The FIRST NATIONAL BANK OF OMAHA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, medical, family or household purposes.

16. The alleged FIRST NATIONAL BANK OF OMAHA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. FIRST NATIONAL BANK OF OMAHA is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Some time prior to September 8, 2017, the FIRST NATIONAL BANK OF OMAHA debt was purchased by Defendant.

19. On or about September 8, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged FIRST NATIONAL BANK OF OMAHA debt. *See* **Exhibit A.**

20. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

22. Upon information and belief, this was the first communication Plaintiff received from Defendant.

23. The Letter was sent on legal letterhead stating in part:

"RONALD B. RICH & ASSOCIATES, PLC
Attorneys and Counselors at Law"

24. The Letter further stated:

"FIRST NATIONAL BANK OF OMAHA v RUTH I. MATSON and LEE A. MATSON"

25. Upon information and belief, as of September 8, 2017, the Defendant had yet to file any lawsuit against the Plaintiff.

26. The Plaintiff, as would any least sophisticated consumer, read the attached letter and believed that there was a legal determination made before this letter was sent and that Defendant had filed a lawsuit or initiated some legal proceedings against the Plaintiff to collect the alleged debt.

3

27. By using the language "*v*" in between the creditor and alleged debtor, language commonly used only after a lawsuit is filed, Defendant used false, deceptive and/or misleading representations in connection with the collection of a debt.

28. The FDCPA prohibits a broad range of false, misleading or overreaching tactics in connection with the collection of a debt.

29. Defendant's violations of the FDCPA thus bore the risk of real harm that the Plaintiff would be far more fearful of the Defendant's letter that falsely implied some sort of legal proceeding was initiated, than he would from a typical collection agency dunning letter, and that the Plaintiff would therefore take steps to address this steps that she would not have otherwise taken.

## CLASS ALLEGATIONS

38. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the State of Michigan b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to First National Bank of Omaha  d) that states "First National Bank of Omaha v [consumer]" e) when no lawsuit was filed f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

40. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners,

4

managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is

5

whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e.

(c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

32. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

33. The Defendant violated said section by:

- Falsely representing the amount, character, or legal status of the debt in violation of §1692e(2)

- The use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a debt in violation of §1692e(10).

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, Yitzchak Zelman, Esq. as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses;

(e)      Awarding pre-judgment interest and post-judgment interest; and

(f)      Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated:  July 26, 2018                        */s/ Yitzchak Zelman*
                                    Yitzchak Zelman, Esq.
                                    MARCUS & ZELMAN, LLC
                                    701 Cookman Avenue, Suite 300
                                    Asbury Park, New Jersey 07712
                                    (732) 695-3282 telephone
                                    (732) 298-6256 facsimile
                                    yzelman@marcuszelman.com
                                    *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  July 26, 2018                        */s/ Yitzchak Zelman*
                                      Yitzchak Zelman, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration or

administrative proceeding.

Dated: July 26, 2018                          */s/ Yitzchak Zelman*
                                             Yitzchak Zelman, Esq.